## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

**TARA HONEYCUTT**                                     **PLAINTIFF**

**v.**            **CASE NO. 1:20-cv-01051-SOH**

**CLEAN HARBORS INC.**                               **DEFENDANT**

### Complaint and Demand for Jury Trial

Plaintiff Tara Honeycutt, through her attorney at Heaton & Harris, states the following for her causes of action against Clean Harbors, Inc.:

*Jurisdiction, Venue, and Exhaustion*

1.      Plaintiff is a natural person residing in Union County, AR.

2.      Defendant is a corporation incorporated and headquartered in the State of Massachusetts having more than fifteen employees.

3.      Defendant operates a facility in Union County, AR.

4.      Jurisdiction is proper under 28 U.S.C. § 1331.

5.      A substantial part of the events driving this cause of action occurred in Union County, AR, and so venue is proper in this Court.

6.      Plaintiff has exhausted her administrative remedies by filing a charge with Equal Employment Opportunity Commission and received a Notice of Suit Rights on August 10, 2020 (attached as **Exhibit A**), which is within ninety days of the filing of this action.

*Factual Background*

7.      Plaintiff began working for Defendant in 2012.

8.      Plaintiff began working in the "Train 1" department.

Complaint and Demand for Jury Trial
Page 2 of 4

9.      In 2018, Plaintiff moved to "Train 2," which she perceived to give her the opportunity to progress in her career.

10.     Right after completing her training at Train 2, a fire broke out on the work floor. Every employee on the floor, including supervisors, were given a write-up notice in their file from the fire.

11.     Before the events giving rise to this action, other than the fire, Plaintiff had never received any disciplinary notes, notices of policy violations, or any allegations of misconduct from Defendant arising out of the scope of her employment.

12.     Plaintiff's job duties include hard physical labor.

13.     Plaintiff was the only female working on the Train 2 floor and is married to another female, which is known by her peers and supervisors.

14.     Plaintiff completes her job duties as competently or more competently than her heterosexual male peers.

15.     Plaintiff has received good remarks on her performance at her past yearly performance reviews.

16.     Since moving to Train 2, Plaintiff has been subjected to a hostile work environment due to her sexual orientation and gender.

17.     Plaintiff has been subjected to constant harassment and name calling from peers and superiors, such as being told she was a "woman doing a man's job," and saying "that dumb dyke bitch does not belong down here doing a man's job."

18.     In February 2020, Plaintiff reported this constant harassment to her superior.

19.     Shortly after reporting the harassment, Defendant gave Plaintiff a one-day suspension for "taking unauthorized breaks." Plaintiff has never taken an unauthorized break on the job.

Complaint and Demand for Jury Trial
Page 3 of 4

20.     In April 2020, as Plaintiff was performing other job duties, a tank on the work floor overflowed. Even though Plaintiff was not into a position to prevented this, she was written up for "not doing her job" and given a three-day suspension. Her supervisor justified the suspension by stating to her that it was the first time a tank had ever overflown, which was untrue.

21.     In May 2020, Defendant's harassment of Plaintiff on Train 2 was so bad that she voluntarily took a pay-cut to move back to Train 1.

22.     Since being subjected to this hostile work environment, Plaintiff has been diagnosed with multiple mental disorders, which her physician attributes to being subject to an extreme psychologically hostile environment over a long period of time.

*First Cause of Action: Harassment under Title VII of the Civil Rights Act of 1964*

23.     Defendant's employees subjected Plaintiff to a hostile work environment because of her gender and sexual orientation, which she reported to her supervisor.

24.     Defendant took no action to correct the hostile work environment and allowed Plaintiff to continue working in that environment.

25.     Plaintiff has suffered damages in taking a pay cut and in her permanent mental disability due to Defendant's unlawful discrimination.

*Second Cause of Action: Retaliation under Title VII of the Civil Rights Act of 1964*

26.     Defendant's employees subjected Plaintiff to a hostile work environment because of her gender and sexual orientation, which she reported to her supervisor.

27.     Plaintiff reported this hostile work environment and retaliated against her by making false accusations in her file and suspending her from work.

28.     Plaintiff was damaged by Defendant's conduct by losing wages during suspension, taking a pay-cut, and by causing Plaintiff a permanent mental disability.

Complaint and Demand for Jury Trial
Page 4 of 4

   **THEREFORE**, Plaintiff demands a jury trial on all issues triable and prays for damages

greater than $75,000.00, both compensatory and punitive, and for costs, attorney fees, and all

other relief which she may be entitled to.

              Respectfully Submitted,

              By: _____
              Colin C. Heaton
              Attorney for Plaintiff
              Arkansas Supreme Court No. 2019076
              Heaton & Harris LLP
              PO Box 0111
              Hot Springs, AR  71913
              (501) 321-2597

STATE OF ARKANSAS   )
           )  **VERIFICATION**
COUNTY OF GARLAND   )

   Tara Honeycutt, first being duly sworn, states that she has read the above Complaint and
that the facts stated in the Complaint are true to the best of her knowledge.

              _____
              Tara Honeycutt

  SUBSCRIBED AND SWORN TO before me this 19th day of October 2020.

              _____
              Notary Public

KAYLA COOLEY
No. 12401725
GARLAND COUNTY
Commission Expires 8-29-2024
NOTARY PUBLIC ARKANSAS

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tara J. Honeycutt<br>823 Crawford st<br>El Dorado, AR 71730 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 493-2020-01393 | **Margie Myers,**<br>**Investigator** | | **(501) 324-6214** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

AUG 1 0 2020
*(Date Mailed)*



EXHIBIT

A